United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>DOLLAR TREE STORES, INC.,<br><br>          Defendant. | Case No. 07-2050 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' <u>FRAUD CLAIM</u> |

**I. INTRODUCTION**

On April 11, 2007, Plaintiffs Miguel Cruz, John Hansen, and all others similarly situated ("Plaintiffs") filed a complaint against Defendant Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree"). <u>See</u> Docket No. 1. Presently before the Court is Defendant's motion to dismiss the Seventh Cause of Action, a claim for fraud and deceit. <u>See</u> Docket No. 5; Compl. ¶¶ 75-85. Plaintiffs opposed the motion and Defendant filed a reply. <u>See</u> Docket Nos. 16, 18.

For the reasons discussed herein, the Court GRANTS Defendant's motion to dismiss Plaintiffs' Seventh Cause of Action for fraud and deceit.

**II. BACKGROUND**

According to the Complaint, Plaintiffs are former Store Managers at Dollar Tree who allege that they were improperly

**United States District Court**
For the Northern District of California

1  classified as exempt and therefore denied wages for overtime.
2  Compl., ¶¶ 2-4.  The Seventh Cause of Action alleges that
3  Defendant committed fraud and deceit because the company and its
4  agents knew that Plaintiffs should be classified as "non-exempt"
5  employees, but classified them as "exempt" in order to avoid
6  paying overtime.  Id. at ¶¶ 75-85.  Plaintiffs allege that
7  Defendant knew its statements were false and made them to induce
8  Plaintiffs to work extra hours for free.  Id.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be granted if the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all inferences in its favor.  See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  Furthermore, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them."  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  At the pleading stage, the plaintiff "need only show that the facts alleged, if proved, would confer standing upon him."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).  If a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co.

2

1  v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotation omitted).

In their Complaint, Plaintiffs' Seventh Cause of Action is for fraud and deceit. See Compl., ¶¶ 75-85. This fraud claim must meet the heightened pleading requirements of Rule 9(b). See Edwards v. Marin Park, Inc., 356 F.3d at 1066. This requires Plaintiffs to give a specific account of the fraud so that Dollar Tree can defend against the charge with more than a blanket denial. Under the Rule 9(b) standard, Plaintiffs' Complaint fails to give sufficient detail with respect to the time, place,

3

content, and identities of the parties engaged in the fraud. Plaintiffs' argue that the fraud was perpetrated during the entire class period, at every Dollar Tree store in California, through a corporate policy and practice, and by the entire corporation. See Compl.; Opp'n, 8-9. These allegations are too vague to allow Defendant to respond constructively. To satisfy Rule 9(b), Plaintiffs should identify specific oral statements or written documents indicative of fraud, including specific information on the timing of the incidents and employees involved.

## V. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss is GRANTED and Plaintiffs' Seventh Cause of Action for fraud and deceit is DISMISSED without prejudice. Plaintiffs have 30 days from the date of this Order to file an amended complaint.

IT IS SO ORDERED.

Dated: June 29, 2007

UNITED STATES DISTRICT JUDGE