**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>DOLLAR TREE STORES, INC.,<br><br>                    Defendant. | Case No. 07-2050 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SEVENTH CAUSE OF ACTION IN PLAINTIFFS' FIRST AMENDED COMPLAINT |

I. **INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss the Seventh Cause of Action of Plaintiffs' First Amended Complaint.  Docket No. 25.

On April 11, 2007, Plaintiffs Miguel Cruz, John Hansen, and all others similarly situated ("Plaintiffs") filed a complaint ("Complaint") against Defendant Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree").  See Compl., Docket No. 1.  On May 9, 2007, Defendant filed a motion to dismiss the Seventh Cause of Action of the Complaint.  Mot. to Dismiss, Docket No. 5.  Count VII alleged fraud by Defendant.  Mot. to Dismiss ¶ 76.  Defendant argued that Plaintiff had failed to satisfy Federal Rule of Civil Procedure 9(b), which requires a heightened standard of pleading for claims involving fraud.  See Fed. R. Civ. P. 9(b).

On June 29, 2007, this Court issued an order granting

1    Defendant's motion to dismiss Count VII of the Complaint.  Docket

2    No. 19.  The dismissal was without prejudice and Plaintiffs

3    subsequently filed an amended complaint ("First Amended

4    Complaint").  Docket No. 23.

5         Defendant then filed this motion to dismiss Count VII of the

6    First Amended Complaint.  Docket No. 25, Mot. to Dismiss.[1]

7    Plaintiffs opposed the motion and Defendant filed a reply.  <u>See</u>

8    Docket Nos. 35, 36.  After reviewing the parties' submissions, the

9    Court GRANTS the motion and DISMISSES the Seventh Cause of Action

10   with prejudice.

11

12   **II.  <u>BACKGROUND</u>**

13        According to the First Amended Complaint, Plaintiffs are

14   former Store Managers at Dollar Tree who allege that they were

15   improperly classified as exempt and therefore denied wages for

16   overtime.  First Am. Compl. ¶¶ 2-4.  The Seventh Cause of Action

17   alleges that Defendant committed fraud by "inducing Plaintiffs and

18   members of their Class to work in excess of eight (8) hours per

19   day and forty (40) hours per week without expectation on their

20   part that they were entitled to receive compensation for overtime

21   worked."  <u>Id.</u> at ¶ 83.

22

23

24

25

26        [1]All further references to a motion to dismiss are to the
     motion to dismiss the Seventh Cause of Action of the First Amended
27   Complaint.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **III.  <u>LEGAL STANDARD</u>**

2        Federal Rule of Civil Procedure 12(b)(6) states that a motion

3    to dismiss may be granted if the plaintiff fails "to state a claim

4    upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

5    When evaluating a motion to dismiss, the court accepts the facts

6    as stated by the nonmoving party and draws all inferences in its

7    favor.  <u>Everest & Jennings, Inc. v. Am. Motorists Ins. Co.</u>, 23

8    F.3d 226, 228 (9th Cir. 1994).  In addition, courts must assume

9    that all general allegations "embrace whatever specific facts

10   might be necessary to support them."  <u>Peloza v. Capistrano Unified</u>

11   <u>Sch. Dist.</u>, 37 F.3d 517, 521 (9th Cir. 1994).  At the pleading

12   stage, the plaintiff "need only show that the facts alleged, if

13   proved, would confer standing upon him."  <u>Warren v. Fox Family</u>

14   <u>Worldwide, Inc.</u>, 328 F.3d 1136, 1140 (9th Cir. 2003).

15       Although "a complaint generally must satisfy only the minimal

16   notice pleading requirements," <u>Porter v. Jones</u>, 319 F.3d 483, 494

17   (9th Cir. 2003), where a complaint includes allegations of fraud,

18   Federal Rule of Civil Procedure 9(b) requires greater specificity,

19   including an account of the "time, place, and specific content of

20   the false representations as well as the identities of the parties

21   to the misrepresentations."  <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d

22   1058, 1066 (9th Cir. 2004) (citation omitted).  "To comply with

23   Rule 9(b), allegations of fraud must be specific enough to give

24   defendants notice of the particular misconduct which is alleged to

25   constitute the fraud charged so that they can defend against the

26   charge and not just deny that they have done anything wrong."

27   <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001)

28

1  (citation and quotation omitted).

2

3  **IV. <u>DISCUSSION</u>**

4      Defendant has moved for dismissal of the Seventh Cause of

5  Action based on two distinct theories.  The Court addresses each

6  in turn.

7          **A.    <u>Failure To State A Claim</u>**

8      Defendant argues that Plaintiffs' Seventh Cause of Action for

9  fraud and deceit should be dismissed pursuant to Rule 12(b)(6) for

10  failure to state a claim.  Plaintiffs' Seventh Cause of Action

11  alleges that Defendant fraudulently "induc[ed] Plaintiffs . . .

12  to work [overtime] . . . without any expectation . . . that they

13  were entitled to receive compensation for overtime worked."

14  First. Am. Compl. ¶ 83.  Defendant states that, as a matter of

15  law, it cannot be liable in fraud for misrepresenting California's

16  wage and hour laws to its employees.  Mot. to Dismiss at 4.

17      "'[A]s a general rule, . . . fraud cannot be predicated upon

18  misrepresentations as to matters of law.'"  <u>Miller v. Yokohama</u>

19  <u>Tire Corp.</u>, 358 F.3d 616, 621 (9th Cir. 2004) (citing <u>Am. Jur. 2d</u>

20  <u>of Fraud and Deceit</u> § 97 (2001)).  Plaintiffs do not dispute this

21  but instead argue that the misstatement in the present case is one

22  of fact, not law.  Opp'n at 15.

23      In <u>Miller</u>, the plaintiff sued his employer for failure to pay

24  overtime wages.  <u>Miller</u>, 358 F.3d at 618.  In a scenario similar

25  to the case at hand, the plaintiff in <u>Miller</u> alleged that his

26  employer misrepresented to him and other employees their

27  entitlement to overtime wages.  <u>Id.</u>  These misrepresentations and

28                                    4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    the failure to pay overtime wages, according to the plaintiff,

2    "constituted a fraudulent scheme."   Id. at 619.

3       On appeal, the Ninth Circuit held that the plaintiff's claims

4    for fraud were properly dismissed.   Id. at 622.   The Ninth Circuit

5    stated that the employer's statements regarding the plaintiff's

6    entitlement to overtime wages were misrepresentations of law.   Id.

7    at 620.   Because "fraud cannot be predicated upon

8    misrepresentations of law," id. at 621 (internal quotations

9    omitted), the fraud claims were dismissed.   Id. at 622.

10      Plaintiffs in the case at bar argue that Miller is

11   distinguishable on two grounds.   First, they state that the claims

12   in Miller were based on federal RICO violations while the fraud

13   claims in the present case are based on fraud under California

14   state law.   Opp'n at 14-15.   Miller, however, dealt specifically

15   with the issue of whether the plaintiff had satisfied the pleading

16   requirements for a fraud claim.   Miller, 358 F.3d at 620.

17   Although the underlying claims in Miller alleged RICO violations,

18   the "threshold issue . . . [was whether] an employer's

19   misrepresentations of the law to an employee constitute[d]

20   actionable fraud."   Id.

21      In addition, although the plaintiff's claim in Miller arose

22   under federal law, the Ninth Circuit explicitly stated that "we

23   must look to common law to determine whether Miller has stated a

24   claim of actionable fraud."   Id. at 621.   Plaintiffs in the

25   present case have presented no argument that common law fraud is

26   distinguishable from fraud under California state law.   Thus,

27

28                                  5

United States District Court
For the Northern District of California

1    their attempt to distinguish on this ground fails.[2]

2        Plaintiffs also seek to distinguish <u>Miller</u> by arguing that

3    the statements made by Defendant were misrepresentations of fact,

4    not law.  Opp'n at 15.  Notwithstanding the similarities between

5    the employer's statements in <u>Miller</u> and Dollar Tree's statements

6    in the present case, Plaintiffs argue that Defendant's statements

7    regarding entitlement to overtime pay were in fact

8    misrepresentations of fact because "it was the fact [that the

9    plaintiffs] were truly managers [that] was misrepresented."  <u>Id.</u>

10   at 15 (emphasis deleted).  In attempting to clarify this argument,

11   Plaintiffs state:  "when an employer merely classifies someone as

12   a manager and then employs them to perform mostly non-managerial

13   tasks, a misrepresentation of the fact of the employee's status

14   has occurred . . . ."  <u>Id.</u> at 16.

15       This attempt to distinguish <u>Miller</u> is not persuasive.

16   Plaintiffs fail to recognize that the central issue in the Seventh

17   Cause of Action revolves around the classification of the

18   employment status of Plaintiffs.  This question is a question of

19   law.  As the court in <u>Miller</u> stated, "[t]he [defendants']

20   statements [regarding entitlement to overtime wages] did not

21   include express or implied misrepresentations of fact."  <u>Miller</u>,

22   358 F.3d at 621.  It is difficult, if not impossible, to see how

23   the statements in the present case are materially different from

24   those in <u>Miller</u>.

25   _____

26       [2]Although there are four recognized exceptions to the general
     rule that misrepresentations of law may not give rise to a claim of
27   fraud, <u>Miller</u>, 358 F.3d at 621, none applies to the facts of this
     case and Plaintiffs have not argued otherwise.

28

                                    6

**United States District Court**
For the Northern District of California

1      That the disputed statements in the present case are of law

2   and not fact is further supported by recent district court

3   decisions.  <u>See</u>, <u>e.g.</u>, <u>Alba v. Papa John's USA</u>, No. CV 05-7487,

4   2007 WL 953849, at *6 (C.D. Cal. Feb. 7, 2007) (stating

5   "Plaintiffs set forth several common questions of law . . . [the

6   first of which is] whether Defendants' policies mischaracterized

7   store managers as exempt employees under California law . . .");

8   <u>see also</u> <u>Whiteway v. FedEx Kinko's Office & Print Servs.</u>, No. C

9   05-2320, 2006 WL 2642528, at *4 (N.D. Cal. Sept. 14, 2006)

10  (stating "Plaintiff identifies the following common questions of

11  law . . . [including] whether defendant Kinko's violated IWC Wage

12  Orders . . . by failing to pay overtime compensation to Store

13  Managers who worked in excess of forty hours per week and/or eight

14  hours per day . . .").  Given the similarity of the claims in

15  <u>Miller</u>, <u>Alba</u> and <u>Whiteway</u> with the claim in the present case, this

16  Court finds that the question of whether a certain class of

17  employees is exempt is a question of law.  Therefore, Defendant's

18  Rule 12(b)(6) motion to dismiss the Seventh Cause of Action for

19  failure to state a claim is granted.

20      Defendant also mentions, briefly, that Count VII replicates

21  Count I of the First Amended Complaint, and should therefore be

22  dismissed.  <u>See</u> Mot. to Dismiss at 3 (stating "[c]ount VII fails

23  because it replicates Count I . . . .").[3]  Count I alleges that the

24  _____

25      [3] This argument is not discussed or explored beyond the above
    cited language.  In addition, this argument is made in the middle
26  of Defendant's Rule 12(b)(6) argument even though Rule 12(f) is the
    relevant rule for redundant claims.  Federal Rule of Civil
27  Procedure 12(f) states, in the relevant part:  "Upon motion made by
    a party . . . or upon the court's own initiative . . . the court

28

United States District Court
For the Northern District of California

1  Defendant failed to pay overtime wages in violation of the

2  California Labor Code.  First Am. Compl. ¶¶ 25-32.  Count VII, as

3  noted above, alleges that Defendant engaged in fraud or deceit

4  against the entire class.  Id. at ¶ 76.

5        Although the two claims are similar and allege the same end

6  result of withholding money that was owed to Plaintiffs, the

7  claims differ in several ways and therefore are not redundant.

8  Count I alleges that Defendant mis-classified Plaintiffs as

9  managers in order to avoid paying overtime and other benefits.

10  Id. at ¶ 28.  Count VII, on the other hand, alleges that Defendant

11  used fraud to "convince its managers of their exempt status."  Id.

12  at ¶ 82.  Count I alleges a violation of the California Labor Code

13  for failing to pay overtime and other benefits while Count VII

14  alleges fraud in inducing Plaintiffs to accept their employment

15  status.  In addition, Count VII, unlike Count I, seeks punitive

16  damages.  Thus, while similar, the two counts are distinct and are

17  not redundant.

18        **B.    Failure to Plead With Sufficient Particularity**

19        As Plaintiffs' Seventh Cause of Action is for fraud and

20  deceit, this claim must meet the heightened pleading requirements

21  of Rule 9(b).  See Edwards, 356 F.3d at 1066.  This requires

22  Plaintiffs to give a specific account of the fraud so that Dollar

23  Tree can defend against the charge with more than a blanket

24  denial.

25        It should be noted that the differences between Plaintiffs'

26  _____

27  may order stricken from any pleading any . . . redundant  . . .
   matter."  Fed. R. Civ. P. 12(f).

28                                  8

**United States District Court**
For the Northern District of California

1   original Complaint and First Amended Complaint are slight.  One

2   change to the First Amended Complaint is the addition of specific

3   names of some of the employees of Dollar Tree who allegedly knew

4   of and helped create the employment practices which form the basis

5   of this lawsuit.  See First Am. Compl. ¶ 78.  The specific

6   identity of those who allegedly perpetrated the fraud is clearly

7   important in satisfying the heightened pleading requirement of

8   Rule 9(b).  Inserting a list of names of upper-level Dollar Tree

9   Store employees, however, without further explanation of how these

10  people were complicit in the alleged fraud, does little to "give

11  defendants notice of the particular misconduct . . . so that they

12  can defend against the charge and not just deny that they have

13  done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th

14  Cir. 1985).  Although the addition of the names of the employees

15  does add specificity to the Seventh Cause of Action in the First

16  Amended Complaint, Plaintiffs have failed to draw any tighter

17  connection between these employees and the purported fraud than

18  was alleged in original Complaint.

19      The other noticeable difference between the original

20  Complaint and the First Amended Complaint involves a section,

21  added to the First Amended Complaint, discussing the role of

22  paychecks and wage statements in perpetuating the fraud.  See

23  First Am. Compl. ¶¶ 81, 82.  Specifically, Plaintiffs allege that

24  the pay checks and wage statements were inaccurate and were

25  designed to "reinforce [Plaintiffs'] incorrect understanding of

26  their status as exempt managers." Id. at ¶ 81.  In addition,

27  Plaintiffs allege that Defendant knew that the pay checks and wage

28
                                    9

**United States District Court**
For the Northern District of California

1  statements "were fraudulent representations that the managers were

2  exempt."  <u>Id.</u> at ¶ 82.  Finally, Plaintiffs allege that these pay

3  checks and wage statements "are also evidence of the broader

4  fraudulent scheme by Defendant to convince its managers of their

5  exempt status."  <u>Id.</u>

6     Plaintiffs have still not satisfied the Rule 9(b) standard.

7  Alleging that every pay check and wage statement is evidence of

8  fraud is too conclusory and too vague to allow Defendant to

9  constructively respond.  Accordingly, Plaintiffs have pleaded the

10  Seventh Cause of Action in their First Amended Complaint with

11  insufficient specificity.  Therefore, Defendant's Motion to

12  Dismiss the Seventh Cause of Action based on Rule 9(b) is granted.

13        **C.    <u>Whether Leave to Amend Should Be Granted</u>**

14     "In the absence of any apparent or declared reason - such as

15  undue delay . . ., repeated failure to cure deficiencies . . . -

16  the leave [to amend] sought should . . . be freely given."

17  <u>Eminence Capital LCC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th

18  Cir. 2003) (per curiam).  When, however, "a district court has

19  already granted a plaintiff leave to amend, its discretion in

20  deciding subsequent motions to amend is particularly broad."

21  <u>Chodos v. West Publ'g Co.</u>, 292 F.3d 992, 1003 (9th Cir. 2002)

22  (internal quotations and citations omitted).  In the present case,

23  Plaintiffs have already been afforded one opportunity to amend

24  their Complaint on the very same issue which is now before the

25  Court for the second time and it is not clear how Plaintiffs would

26  benefit from another opportunity.

27     In addition, because Plaintiffs' Seventh Cause of Action for

28                                    10

**United States District Court**
For the Northern District of California

1   fraud is predicated on a misrepresentation of law, it cannot be

2   saved by an additional amendment.   See Eminence Capital LCC, 316

3   F.3d at 1052 (holding that dismissal without leave to amend is

4   improper unless the complaint could not be saved by any

5   amendment).   Because another opportunity to amend would likely be

6   futile and result in undue delay, Count VII is dismissed without

7   leave to amend.   See Foman v. Davis, 371 U.S. 178, 182 (1962)

8   (holding that district courts, in deciding whether to grant leave

9   to amend, should look to several factors, including undue delay,

10  "repeated failure to cure deficiencies by amendments previously

11  allowed, . . . [or] futility of amendment . . .").

12

13  **V.  CONCLUSION**

14       For the reasons discussed herein, the Court GRANTS

15  Defendant's Motion and DISMISSES Plaintiffs' Seventh Cause of

16  Action with prejudice.

17

18

19

20

21       IT IS SO ORDERED.

22

23       Dated: September 18, 2007

24                                         UNITED STATES DISTRICT JUDGE

25

26

27

28
                                    11