UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>DOLLAR TREE STORES, INC.,<br><br>      Defendant.<br>_____<br>ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br>      Plaintiffs,<br><br>    v.<br><br>DOLLAR TREE STORES, INC.,<br><br>      Defendant.<br>_____ | Case Nos. 07-2050 SC<br>          07-4012 SC<br><br>ORDER GRANTING PLAINTIFF ROBERT RUNNINGS' EX PARTE APPLICATION TO ENLARGE TIME FOR CLASS CERTIFICATION |

**I.  INTRODUCTION**

This matter comes before the Court on Plaintiff Robert Runnings' Ex Parte Application to Enlarge Time for Class Certification ("Application"). Docket No. 88. Defendant Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree") filed an Opposition. Docket No. 91. For the following reasons, the Application is GRANTED.

## II. DISCUSSION

In these consolidated cases, Plaintiffs allege they were improperly classified as exempt managers and denied wages for overtime. In August 2007, Dollar Tree removed Plaintiff's action from state court to this Court. Docket No. 1. On December 13, Plaintiff propounded his first set of special interrogatories. Bissen Decl., Docket No. 89, ¶ 4, Ex. A. Special Interrogatory No. 1 requested that Dollar Tree identify each and every class member. Id. On January 19, 2008, Dollar Tree filed its summary judgment motion. Docket No. 36. On January 29, Dollar Tree objected to Plaintiff's Special Interrogatory No. 1. Bissen Decl. ¶ 4, Ex. B. On February 15, the Court established a briefing schedule for the summary judgment motion and set a hearing on the motion for March 21. Docket No. 48. The hearing was subsequently vacated, the Court took the summary judgment motion under submission, and, on July 8, issued an Order denying the summary judgment motion.[1] Docket No. 66.

On July 30, the Court ordered the parties to file their respective motions, including Plaintiff's anticipated motion for class certification, with a hearing date of December 5. Docket No. 68. Two months after the Court denied Dollar Tree's motion for summary judgment, and more than seven months after Dollar Tree objected to Plaintiff's First Special Interrogatory No. 1,

---

[1] Plaintiff strenuously argues that the summary judgment motion was pending before the Court for six months. As should be obvious, however, motions are not pending until they are fully briefed and the motion hearing date has passed. Plaintiff's calculation of six months is, therefore, in error.

1  Plaintiff finally filed a motion to compel a response to this
2  interrogatory.  Docket No. 69, filed on September 5, 2008.
3      Plaintiff now argues that he, and the proposed class, "may
4  experience substantial harm and irreversible prejudice" if an
5  enlargement is not granted, as discovery will not be complete.
6  Application at 3.  Plaintiff's statement that "[t]here have been
7  no unjustified delays on Plaintiff's part in litigating this case"
8  is somewhat suspect in light of the above-detailed timeline.
9  Application at 3.  Nonetheless, the Court finds that the risk of
10 prejudice, especially to other class members, warrants an
11 enlargement.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Application is GRANTED.  The Case Management Conference scheduled for December 5, 2008, is hereby RESCHEDULED for April 3, 2009, at 10:00 a.m. in Courtroom 1 on the 17th floor.  Any motions shall be filed and noticed for April 3.

IT IS SO ORDERED.

Dated: November 12, 2008

UNITED STATES DISTRICT JUDGE

3