UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>DOLLAR TREE STORES, INC.,<br><br>        Defendant.<br>_____<br>ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br>        Plaintiffs,<br><br>  v.<br><br>DOLLAR TREE STORES, INC.,<br><br>        Defendant.<br>_____ | Case Nos. 07-2050 SC<br>           07-4012 SC<br><br>ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS IN CONNECTION WITH PLAINTIFFS' MOTION FOR CLASS <u>CERTIFICATION</u> |

    Plaintiffs' counsel submitted an administrative motion to file under seal thousands of pages of documents.[1] Defendant's counsel filed a declaration contending that Exhibits G through O only should be filed under seal. Docket No. 92. Neither the administrative motion, nor the declaration by Defendant's counsel, explain in any detail why the contents of these voluminous

---

[1] Plaintiffs' counsel also submitted the administrative motion itself under seal. Since the motion itself does not contain or discuss material designated as confidential, it should not have been submitted under seal.

documents need to be filed under seal.

This case concerns whether store managers were improperly classified as exempt and denied wages for overtime. See First Am. Compl., Cruz Docket No. 1, ¶¶ 2-4. The material in Exhibits G through O bears no obvious relationship to that question. Indeed, Plaintiffs' proposed motion for class certification does not discuss the contents of these exhibits in any detail. They are referred to in a number of footnotes to illustrate points already established using information from non-confidential documents. The Court is a public forum, and it will not allow materials with no relationship to the central issue in this case to be filed under seal. However, the Court does not want to prejudice Defendant and is reluctant to allow Plaintiffs to publicly file Defendant's internal documents when those documents are not central to Plaintiffs' motion for class certification.

The Court therefore ORDERS the following:

1. The administrative motion to file documents under seal is DENIED with respect to Exhibits A, B, C, D, E, F, P, and Q.

2. The administrative motion to file documents under seal is DENIED with respect to Exhibits G through O. Plaintiffs' counsel and Defendant's counsel are ordered to meet and confer within five (5) days of the date of this Order to determine whether Plaintiffs' motion for class certification could be filed without relying on Exhibits G through O.

3. If the parties fail to agree, then within five (5) days

of their meet and confer, Plaintiffs' counsel must resubmit an administrative motion to file under seal materials in connection with their motion for class certification.

4. Within five (5) days thereafter, Defendant's counsel must file with the Court a declaration establishing that the designated information is sealable, and must file a narrowly-tailored proposed sealing order. The Court will require detailed explanations of why it should permit the material to be filed under seal.

5. Plaintiffs' Motion for Class Certification noticed for April 3, 2009, is taken off-calendar. Plaintiffs may re-notice the Motion for Class Certification after resolution of this issue.

IT IS SO ORDERED.

Dated: March 9, 2009

<u>_____</u>
UNITED STATES DISTRICT JUDGE