UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>DOLLAR TREE STORES, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Nos. 07-2050 SC<br>          07-4012 SC<br><br>ORDER RE: NOTICE TO<br><u>THE CLASS</u> |
| ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br>          Plaintiffs,<br><br>     v.<br><br>DOLLAR TREE STORES, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

I.   **INTRODUCTION**

On June 25, 2009, Plaintiffs Robert Runnings, Miguel Cruz, and John Hansen (collectively "Plaintiffs") submitted a brief in support of their proposed form of notice to the class.  Docket No. 174 ("Pls.' Br.").[1]  On the same day, Defendant Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree") filed a Memorandum in Support of Defendant Dollar Tree's Form of Class Notice.  Docket No. 177 ("Def.'s Mem.").  Having read and considered the arguments

_____

[1] Unless otherwise noted, all docket numbers refer to entries in Case No. 07-4012.

**United States District Court**<br>For the Northern District of California

presented, the Court resolves the parties' remaining disagreements as explained below.

## II.   **BACKGROUND**

On May 26, 2009, the Court granted Plaintiff's Amended Motion for Class Certification.  Docket No. 171 ("May 26, 2009 Order"). The Court defined the class as "[a]ll persons who were employed by Dollar Tree Stores, Inc. as California retail Store Managers at any time on or after December 12, 2004."  Id. at 25.  The Court ordered the parties to meet and confer with respect to the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) governing notice to the class.  Id.  To the extent the parties could not reach an agreement, they were permitted to submit briefs addressing the problem and proposing a solution.  Id.

## III. **LEGAL STANDARD**

After the court certifies a class under Federal Rule of Civil Procedure 23(b)(3), the court must direct to class members the best notice practicable under the circumstances.  Fed. R. Civ. P. 23(c)(2)(B).  The notice must concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members

United States District Court
For the Northern District of California

1   under Federal Rule of Civil Procedure 23(c)(3).   Id.

2

3   **IV.   DISCUSSION**

4         **A.   Notice Administrator**

5         The parties agree that Rust Consulting, Inc. will be the

6   third-party vendor mailing and managing the notices, but disagree

7   about whether the vendor should be referred to in the notice as

8   the "Claims Administrator" or the "Notice Administrator." See

9   Pls.' Br. at 2; Def.'s Mem. at 1.   The Court finds that the notice

10  will be more easily understood by potential class members if Rust

11  Consulting, Inc. is referred to as the Notice Administrator.

12  After the notification process is complete, the third-party vendor

13  may be referred to in any subsequent mailings to the class members

14  as the Claims Administrator.

15        **B.   The End Date of the Class Period**

16        Dollar Tree takes the position that the class certification

17  period should end on the date of the Court's class certification

18  Order, May 26, 2009.   Def.'s Mem. at 2.   Plaintiffs take the

19  position that, since the class definition does not include an end

20  date, the Notice Administrator should continue to notify new class

21  members on a quarterly basis, and the class period should be left

22  open through trial.   Pls.' Br. at 3, 5.

23        Rule 23 requires the Court to direct to class members the

24  best notice that is practicable under the circumstances.   Fed. R.

25  Civ. P. 23(c)(2)(B).   The Court agrees with Dollar Tree that it is

26  not practicable to send newly hired store managers ongoing notices

27  on a periodic basis.   See In re Wal-Mart Stores, Inc. Wage and

28                                  3

Hour Litig., No. 06-2069, 2008 WL 1990806, at *5-6 (N.D. Cal. May 5, 2008)(determining that ongoing notices to future class members would be impracticable and modifying class definition to include new end date).  The Court has discretion to amend the order granting class certification before final judgment.  Fed. R. Civ. P. 23(c)(1)(C).  Therefore, the Court re-defines the class to include an end date of May 26, 2009, the date on which this Court certified the class.  See Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 85 n.2 (S.D.N.Y. 2001)(fixing end date of class period as date of decision certifying class).  The class is defined as "[a]ll persons who were employed by Dollar Tree Stores, Inc. as California retail Store Managers at any time on or after December 12, 2004, and on or before May 26, 2009."

**C.  The Opt-Out Form**

On June 8, 2009, counsel for Dollar Tree mailed to Scott Cole & Associates a proposed Class Notice that included an opt-out form.  Decl. of Scott Cole Ex. B ("June 8, 2009 Letter").[2] Plaintiffs object to Dollar Tree's proposed opt-out form on the grounds that notice recipients might exclude themselves from the class by mistake.  Pls.' Br. at 4.  Requiring notice recipients to mail a form to the Notice Administrator is a common method for opting out of a class action.  See Tierno v. Rite Aid Corp., No. 05-2520, 2007 WL 4166028, at *2 (N.D. Cal. Nov. 19, 2007).  The Court finds that the notice should include the opt-out form

---

[2] Scott Edward Cole, the principal of the law offices of Scott Cole & Associates, filed a declaration in support of Plaintiffs' Brief.  Docket No. 176.

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   included in Appendix A to the Memorandum in Support of Defendant

2   Dollar Tree's Form of Class Notice.  <u>See</u> Docket No. 177.

3       **D.   <u>Notice Timeline</u>**

4       The parties disagree concerning various deadlines associated

5   with the notification process.  <u>See</u> Pls.' Br. at 2-5; Def.'s Mem.

6   at 4-5.  The Court has considered the parties' suggestions, and

7   considers the following deadlines to be fair and reasonable.

8   Dollar Tree shall provide contact information to the Notice

9   Administrator within forty-five (45) days of this Order.  The

10  Notice Administrator should mail the class notice within thirty

11  (30) days of receipt of the contact information.  Notice

12  recipients should be provided with adequate time to consider

13  whether they want to exclude themselves from his lawsuit,

14  including time to consult with an attorney if necessary.

15  Therefore, the Court adopts an opt-out period of sixty (60) days.

16  If a notice is returned as undeliverable, refused, or unclaimed,

17  the Notice Administrator has fifteen (15) days to initiate a good

18  faith search for the current address using Lexis-Nexis/Accurint,

19  and, if a different address is found, mail the notice to the new

20  address.

21

22  **V.   <u>CONCLUSION</u>**

23      For the reasons stated above, the Court ORDERS as follows:

24  1.   The class is defined as: All persons who were employed

25       by Dollar Tree Stores, Inc. as California retail Store

26       Managers at any time on or after December 12, 2004, and

27       on or before May 26, 2009.

28

5

United States District Court
For the Northern District of California

2. The notice should include an opt-out form.

3. Dollar Tree shall provide to Rust Consulting, Inc. the names, last-known addresses, and social security numbers of the notice recipients within forty-five (45) days after the date of this Order.  The Notice Administrator shall not disclose this information to Plaintiffs or Class Counsel.

4. Rust Consulting, Inc. shall have thirty (30) days after receipt of the class list to send notices, including an opt-out form, by first-class mail.

5. The time period for opting out is sixty (60) days from the date the notice is mailed.

6. If a notice is returned as undeliverable, refused, or unclaimed, the Notice Administrator has fifteen (15) days to initiate a good faith search for the current address using Lexis-Nexis/Accurint, and, if a different address is found, mail the notice to the new address. Notice recipients to whom a second notice is sent shall have thirty (30) days from the date of the second notice to request exclusion.

IT IS SO ORDERED.

Dated: July 2, 2009

_____
UNITED STATES DISTRICT JUDGE