UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOLLAR TREE STORES, INC.,<br><br>　　　　Defendant. | Case Nos. 07-2050 SC<br>　　　　　　07-4012 SC<br><br>SECOND ORDER RE: MOTION FOR EXTENSION OF OPT-OUT DEADLINE AND ADDITIONAL NOTICE TO POTENTIAL CLASS MEMBERS, AND MOTION <u>TO SHORTEN TIME</u> |
| ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOLLAR TREE STORES, INC.,<br><br>　　　　Defendant. | |

In an Order dated October 16, 2009, this Court addressed a Motion by Defendant Dollar Tree Stores, Inc. ("Dollar Tree") for Extension of Opt-Out Deadline and Additional Notice to Potential Class Members.  Docket No. 129 ("Deadline Order").[1]  This Court concluded that Dollar Tree has not shown that the class notice procedure had been sufficiently flawed to justify an extension of opt-out period or additional class.  <u>Id.</u> at 3-4.  However, the

---

[1] Unless otherwise noted, all docket numbers refer to entries in Case No. 07-2050.

1  Court was concerned by what appeared to be incorrect statements
2  made by Class Counsel to potential class members, to the effect
3  that, by not opting out of the class, the potential class members
4  would be representing that they spent more than 50% of their time
5  while working for Defendant performing non-exempt tasks.  <u>Id.</u> at
6  4.  The Court accepted short supplemental briefs from Class
7  Counsel and Defendants.  Docket Nos. 131 (Pl.s' Brief), 133
8  (Def.'s Brief).
9     The Court concludes that no further remedy is necessary to
10 correct the misstatements.  The hours worked and duties performed
11 by each class member will be determined at later stages of this
12 litigation, and the Court does not find the misstatements likely
13 to substantially affect these determinations.  Dollar Tree cites a
14 number of potential harms that could result from the
15 misstatements, but each remains speculative and unconvincing.[2]  If
16 this Court understands Dollar Tree's concerns correctly, Dollar
17 Tree fears that class members may become "confused" or reluctant
18 to speak candidly about their duties if they believe that they
19 have already made representations to this effect by not opting out
20 of the class.  <u>See</u> Def.'s Brief at 1-2.  However, any class member
21 who provides testimony, evidence, or a basis for recovery in the
22 future will be duly sworn in or otherwise required to aver to the

---

[2] There is no evidence that any potential class member was persuaded to opt out because of the misstatements.  Dollar Tree's own investigation -- which this Court does appreciate -- revealed that three of the twelve individuals who opted out had not interacted with Class Counsel.  <u>See</u> Matthew P. Vandall Decl. in Supp. of Def.'s Brief, Docket No. 134, ¶ 5.  The other nine individuals could not be reached.  <u>Id.</u>

2

truth of their statements.  If they provide testimony that goes to the resolution of the merits of the class dispute, Dollar Tree will have the opportunity to examine them and correct misunderstandings regarding the significance of their class membership.

If Class Counsel attempts to use questions and answers regarding their decision to join the class to impeach testimony that the class members performed managerial responsibilities, id. at 3, Dollar Tree may object to the introduction of such evidence at that time.  In addition, Class Counsel's statements to potential class members regarding the possibility of settlement, see id., is no more likely to result in "less than candid" testimony from class members than considerations that exist in every law suit.

This Court finds no need to engage in protracted discovery related to the breadth of these misrepresentations.  Any potential harm caused by the misrepresentations appears to be minimal and correctable without special discovery into Class Counsel's communications with potential class members.  Dollar Tree's Motion for Extension of Opt-out Deadline and Additional Notice to Potential Class Members is DENIED in its entirety.  Class Counsel is instructed to take care in making representations regarding the significance of class membership in the future.

IT IS SO ORDERED.

Dated: November 10, 2009

_____
UNITED STATES DISTRICT JUDGE

3