1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    MIGUEL A. CRUZ, and JOHN D.        )  Case Nos. 07-2050 SC
     HANSEN, individually and on behalf )            07-4012 SC
8    of all others similarly situated,  )
                                        )
9              Plaintiffs,              )  ORDER GRANTING IN PART AND
                                        )  DENYING IN PART DEFENDANT'S
10        v.                            )  MOTION TO DISMISS CLAIMS OF
                                        )  CLASS MEMBERS WHO FAILED TO
11   DOLLAR TREE STORES, INC.,          )  RESPOND TO DISCOVERY
                                        )  REQUESTS
12             Defendant.               )  ‾‾‾‾‾‾‾‾
     _____)
13                                      )
     ROBERT RUNNINGS, individually, and )
14   on behalf of all others similarly  )
     situated,                          )
15                                      )
               Plaintiffs,              )
16                                      )
          v.                            )
17                                      )
     DOLLAR TREE STORES, INC.,          )
18                                      )
               Defendant.               )
19   _____)

20   **I.    INTRODUCTION**

21        This matter comes before the Court on the Motion to Dismiss

22   Claims of Class Members Who Failed to Respond to Defendant's

23   Discovery filed by Defendant Dollar Tree Stores, Inc. ("Defendant"

24   or "Dollar Tree").  ECF No. 259 ("Mot.").[1]  Plaintiffs Robert

25   Runnings, Miguel Cruz, and John Hansen (collectively, "Plaintiffs")

26   ────────────────────
     [1] Cruz v. Dollar Tree, Case No. 07-2050 ("Cruz Action"), and
27   Runnings v. Dollar Tree, Case No. 07-4012 ("Runnings Action"), have
     been consolidated.  Unless otherwise noted, all docket numbers in
28   this Order refer to docket entries in the Cruz Action.

1  filed an Opposition, and Defendant submitted a Reply.  ECF Nos. 268

2  ("Opp'n"), 274 ("Reply").  For the following reasons, the Court

3  GRANTS IN PART and DENIES IN PART the Motion.

4

5  **II.   BACKGROUND**

6       The Court assumes the parties are familiar with the procedural

7  and factual background of this dispute, which the Court set out in

8  its Order Granting the Amended Motion for Class Certification.  ECF

9  No. 107 ("May 26, 2009 Order").  Plaintiffs allege they were

10 improperly classified as exempt employees.  See Runnings Action,

11 ECF No. 1 ("Runnings Compl."); Cruz Action, ECF No. 23 ("Cruz Am.

12 Compl.").  As a result, Plaintiffs allege that Dollar Tree failed

13 to pay them overtime compensation and failed to provide meal and

14 rest breaks, in violation of California and federal law.  Id.

15      In its May 26, 2009 Order, the Court certified a class

16 consisting of 718 store managers ("SMs") who worked in 273 retail

17 locations.  On September 9, 2010, the Court granted in part

18 Defendant's Motion to Decertify the Class.  ECF No. 232 ("Sep. 9,

19 2010 Order").  As a result, the class now consists of 273 members

20 and is currently defined as "all persons who were employed by

21 Dollar Tree Stores, Inc. as California retail store managers at any

22 time on or after December 12, 2004, and on or before May 26, 2009,

23 and who responded 'no' at least once on Dollar Tree's weekly

24 payroll certifications."  Mot. at 7.

25      On March 25, 2010, the Court ordered that Defendant could

26 serve each class member with ten Special Interrogatories and ten

27 Requests for Production of Documents.  ECF No. 150 ("Mar. 25, 2010

28 Order").  On June 9, 2010, Magistrate Judge Spero resolved disputes

**United States District Court**
For the Northern District of California

among the parties as to the form of the discovery requests and ordered that the modified interrogatories and requests for production be sent to class members. ECF No. 184 ("June 9, 2010 Order"). Judge Spero's order provided that "[a]ll responses to these document requests (including documents produced) and interrogatories are due on or before July 16, 2010." Id. at 2. Only 215 of the then 718 class members responded by the deadline, and eight more responded shortly thereafter. Mot. at 8. On October 14, 2010, upon a motion filed by Defendant, Judge Spero ordered that a warning notice be sent to all class members who had not responded to the discovery requests indicating that they must respond by October 29, 2010 and that Defendant was seeking dismissal of their claims due to their failure to respond. ECF No. 247 ("Oct. 14, 2010 Order") at 1. Defendant received responses from twelve additional class members after this warning notice was sent. Mot. at 8.

On November 19, 2010, the Court denied Defendant's motion to dismiss the claims of class members who failed to respond to discovery but stated that "the Court will entertain a renewed motion to dismiss after class members are provided with one final opportunity to respond." ECF No. 254 ("Nov. 19, 2010 Order") at 3. The Court ordered Plaintiffs' counsel to send another written notice to non-responsive class members advising them that the Court would dismiss them from the class if they did not respond to the discovery requests within twenty-one days of Plaintiffs' mailing the notice. Id. Plaintiffs mailed the final warning letter on November 23, 2010. Mot. at 9. As of December 17, 2010, only thirty-two additional class members had responded. Id.

**United States District Court**
For the Northern District of California

1    In the instant Motion, Defendant asks the Court to issue

2  sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(v) by

3  dismissing the claims of the class members who did not respond to

4  Defendant's discovery requests.  The Motion initially sought

5  dismissal of 112 class members.  However, in support of their

6  Opposition, Plaintiffs filed a declaration indicating that one of

7  the class members whom Defendant's Motion sought to dismiss,

8  Claudia Garcia ("Garcia"), had recently responded to the discovery

9  requests.  DeSario Decl. ¶ 10.[2]  Defendant then agreed to drop

10 Garcia from the list of class members it seeks to dismiss.  Reply

11 at 2 n.3.  Plaintiffs later filed a supplemental declaration in

12 support of their Opposition.  See "Supp. DeSario Decl."  In the

13 supplemental declaration, Plaintiffs point out that Defendant's

14 Motion erroneously seeks to dismiss two class members, Ruth E.

15 Phipps ("Phipps") and Thomas Shaff ("Shaff"), who did in fact

16 respond to the discovery requests.  Id. ¶¶ 4-6.  Defendant admits

17 its mistake and has agreed to drop Phipps and Shaff from the

18 Motion.  ECF No. 276 ("Def.'s Obj. to DeSario Supp. Decl.") at 1.

19 These developments leave 109 class members who remain subject to

20 Defendant's Motion.

21    Plaintiffs' supplemental declaration also indicates that

22 twenty of the final warning letters sent to class members were

23 returned as undeliverable.  Supp. DeSario Decl. ¶ 7.  Plaintiffs

24 ask the Court to exclude these class members from Defendant's

25 Motion on the grounds that they did not receive the final warning

26

---

27 [2] Molly A DeSario, attorney for Plaintiffs, filed a declaration
   ("DeSario Decl."), ECF No. 269, and a supplemental declaration
28 ("Supp. DeSario Decl."), ECF No. 275, in support of Plaintiffs'
   Opposition.

1  letter.  Id. at ¶ 8.  Defendant argues that the Court should not

2  entertain this argument because Plaintiffs' supplemental

3  declaration violates Civil Local Rule 7-3(d).  Def.'s Obj. to

4  DeSario Supp. Decl. at 1.

5

6  **III.  Legal Standard**

7       Federal Rule of Civil Procedure 37(b)(2)(A)(v) authorizes a

8  court to dismiss an action or proceeding in whole or in part if a

9  party "fails to obey an order to provide or permit discovery."

10  Rule 37(d)(3) also authorizes dismissal as a sanction for a party's

11  failure to respond to interrogatories.  The decision whether to

12  impose sanctions under Rule 37 is within the district court's

13  discretion.  Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th

14  Cir. 1988).

15       The Ninth Circuit has established a five-part test for

16  determining whether a case-dispositive sanction is warranted for a

17  party's failure to comply with a discovery order.  A district court

18  must consider the following:

19            (1)  the public's interest in expeditious
            resolution of litigation; (2) the Court's need to
20            manage its docket; (3) the risk of prejudice to
            the party seeking sanctions; (4) the public
21            policy favoring disposition of cases on their
            merits; [and] (5) the availability of less
22            drastic actions.

23  In Re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996).  "The first

24  two of these [five] factors favor the imposition of sanctions in

25  most cases, while the fourth cuts against . . . a dismissal

26  sanction.  Thus the key factors are prejudice and the availability

27  of lesser sanctions."  Henry v. Gill Indus., Inc., 983 F.2d 943,

28  948 (9th Cir. 1993) (internal citation omitted) (ellipsis in

original).  The Ninth Circuit has also established three subparts for the fifth factor (the availability of less drastic sanctions): (1) whether the court considered lesser sanctions; (2) whether it tried the lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case dispositive sanctions.  Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  The test is not mechanical.  Rather, "[i]t provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow."  Id. Lastly, because dismissal of a plaintiff's action is a severe sanction, the Ninth Circuit has held that dismissal is only justified by a showing of "willfulness, bad faith, and fault."  Id.

IV.  **DISCUSSION**

  A.  **The Court Denies Defendant's Motion With Respect to the Twenty Plaintiffs Who Did Not Receive the Final Warning**

The Court agrees with Plaintiffs that the claims of the twenty class members whose final warning letters were returned as undeliverable should not be dismissed.  Defendant argues that the Court should not consider the evidence that these class members did not receive the warning letters because Plaintiffs' supplemental declaration violates Civil Local Rule 7-3(d).  Civil Local Rule 7-3(d) prohibits the filing of additional papers without court approval once a reply brief has been filed, except in certain circumstances not present here.  Defendant argues that Plaintiffs should have submitted the evidence of failed delivery with their Opposition.

6

**United States District Court**
For the Northern District of California

1    Plaintiffs should have sought leave of the Court before filing

2    their supplemental declaration.  Nevertheless, in the interest of

3    fairness to the class, the Court excuses the late filing and

4    failure to seek leave of the Court and considers the supplemental

5    declaration.  The supplemental declaration states that the final

6    warning letters mailed to twenty of the class members were returned

7    as undeliverable, and Plaintiffs have attached copies of the

8    envelopes returned as undeliverable.  Supp. DeSario Decl. ¶ 7, Ex.

9    F.  The Court's November 19, 2010 Order required that a final

10   warning letter be sent because the Court felt that class members

11   should be given "one final opportunity to respond."  Nov. 19, 2010

12   Order at 3.  Because the twenty class members at issue did not

13   receive this final opportunity, the Court declines to dismiss their

14   claims.  Accordingly, Defendant's Motion to Dismiss is DENIED with

15   regard to these class members.[3]

16   **B.**   **The Court Grants the Motion With Regard to the Remaining**

17        **Eighty-Nine Class Members Who Did Not Respond**

18   After the removal of Garcia, Shaff, and Phipps from

19   Defendant's Motion by agreement of the parties, and in light of

20   this Court's refusal to dismiss the claims of the twenty class

21   members who did not receive the final warning letter, 89 of the

22   original 112 class members who were originally the subject of

23   Defendant's Motion remain to be addressed.

24   **1.**   The Ninth Circuit's Five-Part Test Supports Dismissal

25   Four of the five factors established by the Ninth Circuit for

26   determining whether case-dispositive sanctions are warranted favor

27   _____

28   [3] The names of the class members with regard to whom Defendant's
     Motion is DENIED are attached to this Order as Exhibit A.

**United States District Court**
For the Northern District of California

1   dismissal here.  The first and second factors -- the public's

2   interest in expeditious resolution of litigation and the Court's

3   need to manage its docket -- favor granting the motion so as to not

4   delay this nearly four-year-old case any further.  With regard to

5   the third factor, Defendant has shown that it will suffer prejudice

6   in its ability to defend the case if the non-responsive class

7   members' claims are not dismissed.  The lack of discovery responses

8   would make it particularly difficult for Defendant to determine

9   which class members to call as adverse witnesses or rebuttal

10  witnesses at trial.  Plaintiffs argue that this concern is

11  unwarranted because Plaintiffs have already committed to providing

12  full discovery for the class members who testify at trial.  Opp'n

13  at 15.  This argument fails because one of the reasons Defendant

14  seeks the discovery responses is to help it determine precisely

15  <u>which</u> class members should testify at trial.[4]  Defendant's lack of

16  access to the discovery responses of the eighty-nine class members

17  would also prejudice Defendant by preventing it from providing its

18  experts with information that could prove critical to their

19  analysis.

20       As is always the case with a motion seeking dismissal

21  sanctions, the fourth factor -- the policy favoring the disposition

22  of cases on their merits -- weighs against granting the instant

23  motion.  Nevertheless, in this case the other factors support

24  granting the motion and outweigh the policy in favor of disposing

25  _____

26  [4] Plaintiffs similarly argue that if the Court declines to deny
    Defendant's request for terminating sanctions it should at least
27  continue the motion until after the selection of which class
    members will testify at trial.  Opp'n at 17.  Again, Plaintiffs
28  miss the point that the discovery responses are necessary to
    guarantee the fairness of that selection process.

1  of cases on their merits.

2      The Court has considered lesser sanctions and finds that they

3  would not be effective.  Monetary sanctions would be difficult, if

4  not impossible, to collect from the eighty-nine class members, and

5  would do nothing to ameliorate the prejudice that Defendant would

6  suffer as a result of the class members' failure to respond.  The

7  sanction of claim preclusion, authorized by Rule 37(b)(2)(A)(ii),

8  is not a feasible option in this case either.  Because the

9  discovery at issue covers all of Plaintiffs' claims, precluding

10 Plaintiffs from presenting the affected claims would be tantamount

11 to dismissal.  Moreover, the Court notes that the non-responsive

12 class members received multiple warnings about the possibility of

13 case-dispositive sanctions.  The Court notes that it is not

14 imposing the most severe sanction available.  Rather, it dismisses

15 the claims of the class members without prejudice, and will toll

16 the statute of limitations for 120 days from this Order, so that

17 class members who wish to do so may pursue their individual claims.

18 The Court finds that it is imposing the least severe sanction that

19 will be effective in this case.

20      Lastly, the Court finds that the requisite showing of

21 willfulness, bad faith, and fault has been satisfied.  All that is

22 required to demonstrate willfulness, bad faith, and fault is

23 "disobedient conduct not shown to be outside the control of the

24 litigant."  Henry, 983 F.2d at 948.  The non-responsive class

25 members have engaged in such disobedient conduct by repeatedly

26 ignoring letters instructing them to respond to discovery and

27 warning them that they would face dismissal of their claims if they

28

**United States District Court**
For the Northern District of California

1   failed to respond.[5]

2        2.  <u>Plaintiffs' Arguments in Opposition</u>

3        Plaintiffs argue that Defendant's Motion should be denied

4   because: (1) it is procedurally improper; (2) it is unsupported by

5   relevant case law; (3) Defendant has failed to show willfulness,

6   bad faith, or fault; and (4) Defendant will not suffer prejudice if

7   the Motion is denied.  The analysis above disposes of the latter

8   two arguments, and the Court finds the former two unpersuasive.

9        Plaintiffs' various procedural arguments are unavailing.

10  First, they contend that the Motion is improper because it does not

11  comply with the requirements for a motion to dismiss under Federal

12  Rule of Civil Procedure 12(b)(6).  However, Defendant does not seek

13  to dismiss a complaint for failure to state a claim.  The Motion's

14  caption makes clear that Defendant seeks dismissal as a sanction

15  pursuant to Rule 37.  Rule 37 expressly authorizes dismissal as a

16  sanction for failure to respond to a discovery order.  Fed. R. Civ.

17  P. 37(b)(2)(A)(v).  Plaintiffs apparently contend that the Motion

18  should be denied because it contains the words "motion to dismiss"

19  in the caption instead of "motion for sanctions."  This argument

20  borders on frivolity.

21       Next, Plaintiffs argue that Rule 37 only authorizes dismissal

22  of "parties" and cannot be invoked to dismiss absent class members

23  _____

24  [5] Plaintiffs argue that Defendant has not shown that the non-
    responsive class members ignored the discovery requests and warning

25  letters because Defendant has not produced evidence that the class
    members actually received the discovery requests and warning

26  letters.  This argument fails because "[m]ail that is properly
    addressed, stamped, and deposited into the mail is presumed to be

27  received by the addressee. . . The presumption can only be overcome
    by clear and convincing evidence that the mailing was not, in fact,

28  accomplished."  <u>In re Bucknum</u>, 951 F.2d 204, 207 (9th Cir. 1991).
    Plaintiffs have provided no evidence that the letters were not
    received.

**United States District Court**
For the Northern District of California

1  who, Plaintiffs contend, are not "parties."  As the Ninth Circuit

2  has explained, class members are treated as parties for some

3  procedural purposes but are not treated as parties for others.  In

4  re Cement Antitrust Litig., 688 F.2d 1297, 1309 (9th Cir. 1982).

5  There is a circuit split with regard to whether class members are

6  considered parties for Rule 37 purposes, and the Ninth Circuit has

7  not ruled on the issue.  Id.  The strongest support for Plaintiffs'

8  argument comes from the Eleventh Circuit.  In Wainwright v. Kraftco

9  Corp., 54 F.R.D. 532, 534 (N.D. Ga. 1972), the court held that

10  class members were not parties and were thus not subject to

11  discovery under the Federal Rules.  The court noted, "[n]othing in

12  Rule 23 suggests that class members are deemed 'parties' . . .

13  Since discovery [pursuant to Rule 33 and Rule 34] may be had only

14  against 'parties,' the court does not believe such discovery may be

15  had from [class members other than the party-plaintiffs]."  The

16  court further stated that it perceived "serious constitutional

17  problems with a decision that would dismiss with prejudice from a

18  lawsuit people who were never made parties."  Id.

19      By contrast, the Seventh Circuit has decided that class

20  members are "parties" for the purposes of Rule 37.  See Brennan v.

21  Midwestern United Life Ins. Co., 450 F.2d 999, 1004 (7th Cir.

22  1971).  The movants in Brennan argued, as Plaintiffs do here, that

23  class members are not "parties" and consequently are not subject to

24  the "party" discovery procedures set forth in Rules 33 and 34.  Id.

25  Noting that the question was a difficult one, the Brennan court

26  rejected this argument.  Id.  As further discussed below, the court

27  invoked Rule 37 and dismissed with prejudice the claims of class

28  members who failed to respond to court-authorized discovery

**United States District Court**
For the Northern District of California

1  requests.  The court reasoned that, while class members should not

2  be required to submit to discovery "as a matter of course,"

3  requiring them to respond to discovery in some cases is warranted.

4  Id.  In particular, the court reasoned that, in cases where

5  discovery from class members is necessary or helpful to the proper

6  adjudication of the suit, it should be allowed so long as it is not

7  used as a tactic to reduce the number of claimants and adequate

8  precautionary measures are taken to insure that class members are

9  not misled or confused.  Id. at 1004-05.

10     The Court finds the Brennan court's reasoning persuasive.

11 Here, there is no evidence that Defendant's purpose in propounding

12 the discovery requests was to reduce the number of claimants.

13 Furthermore, Judge Spero oversaw the crafting of the requests to

14 insure that they were not misleading or confusing.  Moreover,

15 unlike the district court order at issue in Brennan, the Court here

16 dismisses the class members' claims without prejudice and tolls the

17 statute of limitations so that they may proceed with individual

18 claims if they so desire.  This approach ameliorates the

19 "constitutional problems with a decision that would dismiss [class

20 members] with prejudice" that concerned the Kraftco court.  54

21 F.R.D. at 534.

22     Plaintiffs next contend that the absent class members have not

23 disobeyed a court order per se and therefore cannot be subject to

24 sanctions under Rule 37, which provides for sanctions if a party

25 "fails to obey an order to provide or permit discovery."  Fed. R.

26 Civ. P. 37(b)(2)(A).  Plaintiffs argue that the Court's prior

27 orders simply instructed class counsel to send certain

28 communications to class members and did not order the class members

**United States District Court**
For the Northern District of California

to do anything.  Plaintiffs contend that Rule 37 does not authorize the Court to impose sanctions on the non-responsive class members because Plaintiffs' counsel, not the class members, was the subject of the order.  This argument lacks merit.  On June 9, 2010, Judge Spero explicitly ordered all class members to respond to discovery. ECF No. 201 (Transcript of June 9, 2010 hearing) at 29:18-21 ("All class members are required to respond by July 16th.").  Moreover, the implication of Plaintiffs' argument is that, even though this Court authorized the sending of discovery requests to class members and instructed class counsel to warn them that "the Court will dismiss them from the class if they do not respond," the Court in fact lacks the power to back words with actions because it did not issue an order with each class member's name on it.  Nov. 19, 2010 Order at 3.  The Court finds this reading of Rule 37(b)(2) too narrow.  The Court further notes that Rule 37(d)(3), which authorizes the Court to impose dismissal as a sanction for failure to respond to interrogatories, provides an alternative basis for dismissal.

The last of Plaintiffs' procedural arguments is that requiring class members to respond to discovery imposes a de facto opt-in scheme in contravention of the opt-out scheme established by Federal Rule of Civil Procedure 23.  This argument amounts to the contention that the Court should not have permitted Defendant to propound discovery upon the class members in the first place.  The Court already ruled on that issue in its March 25, 2010 Order allowing discovery to be sent and will not revisit that decision here.

Plaintiffs' non-procedural arguments are similarly

13

**United States District Court**
For the Northern District of California

unpersuasive.  They contend that the case law does not support Defendant's motion.  However, they provide no controlling authority to support their argument that Rule 37 does not authorize dismissal of class members for failure to respond to discovery requests. Indeed, neither Plaintiffs nor Defendant points to controlling authority on this issue.  The primary cases from this circuit discussed by the parties deal with whether discovery directed to absent class members should be allowed in the first place.  <u>See</u> <u>Tierno v. Rite Aid Corp.</u>, 2008 U.S. Dist. LEXIS 112461, *20 (N.D. Cal. July 8, 2008) (denying defendant's request to depose one hundred class members); <u>McPhail v. First Command Fin. Planning,</u> <u>Inc.</u>, 251 F.R.D. 514, 515 (S.D. Cal. 2008) (denying defendant's request to send discovery to absent class members).  Again, this Court has already permitted discovery to be sent to class members and will not revisit that decision.

The Court again finds the Seventh Circuit's decision in <u>Brennan</u> persuasive authority in favor of dismissal.  The absent class members in <u>Brennan</u> had been sent the written discovery along with a memorandum explaining the reasons for the discovery requests, advising them of the deadline for responding and encouraging them to seek the advice of counsel.  450 F.2d at 1002. The court subsequently issued an order to show cause why the claims of class members who had not responded should not be dismissed with prejudice.  <u>Id.</u>  Plaintiffs' counsel sent the non-responsive class members copies of the show-cause order along with a letter warning them that their claims would be dismissed if they did not respond. <u>Id.</u>  When the deadline for responding passed, the court granted the defendants' motion to dismiss with prejudice the claims of the non-

**United States District Court**
For the Northern District of California

1   responsive class members.  _Id._  The Seventh Circuit affirmed,

2   noting that "movants ignored repeated requests that they comply

3   with the discovery orders."  _Id._ at 1004 n.2.

4       Here, as in _Brennan_, the non-responsive class members ignored

5   repeated requests that they comply with discovery.  Moreover, this

6   Court's ruling is substantially more lenient that the court's in

7   _Brennan_.  While the class members in _Brennan_ were sent a single

8   warning letter, the class members here received two warning letters

9   in addition to the initial discovery requests.  More importantly,

10  unlike the _Brennan_ court, this Court today dismisses _without_

11  _prejudice_ the claims of the non-responsive class members.

12      Plaintiffs' attempts to distinguish _Brennan_ are not

13  compelling.  They note that the class members dismissed in _Brennan_

14  were subject to a court order to show cause, and plaintiffs'

15  counsel mailed each class member a copy of that order.  They

16  contend that the gravity of a class member receiving a court order

17  with his or her name on it would have a greater impact that a

18  warning notice from class counsel.  While this may be so, the Court

19  finds multiple letters from the class members' own attorney warning

20  them of the possibility of dismissal should have been a sufficient

21  incentive to compel a response.

22      Plaintiffs also contend that the class members in _Brennan_

23  received actual notice, whereas here Defendant has allegedly not

24  shown that the class members actually received the multiple warning

25  letters.  This argument fails.  The Ninth Circuit has made clear

26  that "[m]ail that is properly addressed, stamped, and deposited

27  into the mail is presumed to be received by the addressee . . . The

28  presumption can only be overcome by clear and convincing evidence

that the mailing was not, in fact, accomplished." <u>In re Bucknum</u>, 951 F.2d 204, 207 (9th Cir. 1991).  Plaintiffs have provided no evidence that the eighty-nine class members at issue did not receive the discovery requests and warning notices.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**United States District Court**
For the Northern District of California

1    **V.    <u>CONCLUSION</u>**

2         For the foregoing reasons, the Court GRANTS IN PART and DENIES

3    IN PART the Motion to Dismiss Claims of Class Members Who Failed to

4    Respond to Discovery filed by Defendant Dollar Tree Stores, Inc.

5    The Court DENIES the Motion with regard to the twenty class

6    members, listed in Exhibit A attached to this Order, whose final

7    warning letters were returned as undeliverable.   The Court GRANTS

8    the Motion with regard to the remaining eighty-nine class members,

9    listed in Exhibit B attached to this Order, named in the Motion.

10   The claims of those eighty-nine class members are hereby dismissed

11   without prejudice.

12        The Court also invokes its equity powers to toll the statute

13   of limitations on the claims of the eighty-nine class members whose

14   claims are dismissed in order to preserve their right to pursue

15   individual claims against Dollar Tree.   The statute of limitations

16   is hereby tolled for 120 days from the date of this Order.

17   Plaintiffs' counsel shall so notify the affected class members

18   within ten days of this Order and shall file a declaration with the

19   Court within thirty days of this Order confirming that they have

20   done so.

21        IT IS SO ORDERED.

22

23   Dated:   March 8, 2011

24                                   UNITED STATES DISTRICT JUDGE

25

26

27

28

17

EXHIBIT A

The Court DENIES Defendant's Motion to Dismiss with regard to the following class members:

1.   Alicia Barkley
2.   Brenda Anderson
3.   Charles Jones
4.   Chris Dean
5.   Christy Camacho
6.   Deborah Wiebe
7.   Diane Ashley
8.   Eleazar Reyes
9.   Elizabeth Yoder
10.  Eloisa Buitron
11.  Gary Ferguson
12.  Hope Brewer
13.  Kathryn Hansson
14.  Kenneth Galle
15.  Killian Nowden
16.  Latuya Hobill
17.  Nephtali Mendoza
18.  Richard Handrich
19.  Rob Lewis
20.  Tim Luddington

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

<u>EXHIBIT B</u>

2

3  The Court GRANTS Defendant's Motion to Dismiss with regard to the

4  following class members.  The claims of the following class members

5  are hereby dismissed without prejudice:

6

7  1.  Le'ann Alarcon

8  2.  Jesus Alejandre

9  3.  Robin Baker

10  4.  Robert Beights

11  5.  Eric Bent

12  6.  Jeffrey Braun

13  7.  Rosemary Carlos

14  8.  Shawn Cassidy

15  9.  Kim Castellanos

16  10.  Karen Cohen

17  11.  Amanda Coker

18  12.  Mike Cossolotto

19  13.  William Cramer

20  14.  David Cross

21  15.  William Curtis

22  16.  Gregg Daggett

23  17.  Deann Dasher

24  18.  Sally Delcastillo

25  19.  Elaine Edwards

26  20.  Jen Edwards

27  21.  James Ellis

28  22.  Teresa Fletcher

23. Kathy Fortune

24. Cindy Fukuhara

25. Mark Gabellini

26. Eric S. Garcia

27. Mireya Gomez

28. Gabriela Gonzalez

29. Wilber Gonzalez

30. Bikira Green

31. Jean M. Gregg

32. Rachel Haines

33. Evelyn Hanson

34. Kent Harwood

35. Steven Hensley

36. Danny Herrera

37. Naomi Star Hodgkins

38. Christina Hoes

39. William Huffer

40. Larry Huffstetler

41. Ron Jacobs

42. Chris James

43. Kirk Jansen

44. Hope Jennings

45. Betty Johnson

46. Maria Juarez

47. Steve Kauhn

48. Ray Kienitz

49. Landon Kouba

50. Racheal Leggans

United States District Court
For the Northern District of California

1    51.  Tina Lipnicki

2    52.  David Martin

3    53.  Ricky Martin

4    54.  Jesus Martinez

5    55.  Sonia Martinez

6    56.  Paul Massey

7    57.  Adam Mcfarland

8    58.  Rafael Mejia

9    59.  Janice Melo

10   60.  Jason Millstone

11   61.  Oscar Molina

12   62.  Miguel Munoz

13   63.  Tom Nelson

14   64.  Amy Osborn

15   65.  Vaensa Pan

16   66.  Michelle Panattoni

17   67.  Michael Pastrone

18   68.  Joseph Prophet

19   69.  Brandon Raes

20   70.  Valentin Ramirez

21   71.  Lorie Reyes (Kiefer)

22   72.  David N. Robson

23   73.  Monica Rosas

24   74.  Norman Saban

25   75.  Brandon Salazar

26   76.  Jules Sanchez

27   77.  Heidi Semenza

28   78.  Susan Sigler

1    79.  Brian A. Sjostrand

2    80.  Billie Soto

3    81.  Steven Taylor

4    82.  Christina Valdez

5    83.  Mike Van Buren

6    84.  Joseph Vara

7    85.  Edwin H. Walthall

8    86.  Patti Wenzel

9    87.  Kip Whiteacre

10   88.  Robert Willey

11   89.  Pat Woolweaver

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California