United States District Court
For the Northern District of California

1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7   MIGUEL A. CRUZ, and JOHN D.          )  Case Nos. 07-2050 SC
    HANSEN, individually and on behalf   )            07-4012 SC
8   of all others similarly situated,    )
                                         )
9               Plaintiffs,              )  ORDER GRANTING DEFENDANT'S
                                         )  OBJECTION TO PLAINTIFFS'
10        v.                             )  COUNSEL'S DECLARATION
                                         )
11  DOLLAR TREE STORES, INC.,            )
                                         )
12              Defendant.               )
    _____)
13                                       )
    ROBERT RUNNINGS, individually, and   )
14  on behalf of all others similarly    )
    situated,                            )
15                                       )
                Plaintiffs,              )
16                                       )
          v.                             )
17                                       )
    DOLLAR TREE STORES, INC.,            )
18                                       )
                Defendant.               )
19  _____)

20  I.    **INTRODUCTION**

21        On March 8, 2011, this Court issued an Order dismissing the

22  claims of eighty-nine class members who failed to respond to

23  discovery requests propounded by Defendant Dollar Tree ("Defendant"

24  or "Dollar Tree").  See ECF No. 282 ("Mar. 8, 2011 Order").[1]  The

25  Court tolled the statute of limitations on the dismissed class

26  _____

27  [1] Cruz v. Dollar Tree, Case No. 07-2050 ("Cruz Action"), and
    Runnings v. Dollar Tree, Case No. 07-4012 ("Runnings Action"), have
28  been consolidated.  Unless otherwise noted, all docket numbers in
    this Order refer to docket entries in the Cruz Action.

members' claims for 120 days in order to preserve their right to pursue individual claims against Dollar Tree.  Id.  The Court ordered Plaintiffs' counsel to so notify the affected class members and to file a declaration with the Court within thirty days confirming that they had done so.  Id.

On April 7, 2011, Kate T. Ngo ("Ngo"), legal assistant to Plaintiffs' counsel, filed a declaration and supporting exhibits in compliance with the Court's March 8, 2011 Order.  ECF No. 295.  On April 12, 2011, Defendant filed an objection to the Ngo Declaration.  ECF No. 298 ("Def.'s Obj.").  Plaintiffs filed a response to Defendant's Objection.  ECF No. 299 ("Pls.' Resp.").  For the following reasons, the Court SUSTAINS Defendant's Objection.

II.  **DISCUSSION**

The Ngo Declaration states that Plaintiffs' counsel sent letters via certified mail informing the eighty-nine dismissed class members that their claims had been dismissed due to their failure to respond to discovery requests; that the Court had tolled the statute of limitations 120 days to allow them to file an individual claim; and that they should contact another attorney immediately if they wished to file such a claim.  Ngo Decl. ¶ 3. The letter sent by Plaintiffs' counsel also stated: "If you want to complete the attached discovery responses now, we can submit them to the Court on your behalf, but there is no guarantee that the Court will reinstate your case."  Id. Ex. A. ("Dismissal Notice").

The Ngo Declaration further states the following: (1) after receiving the Dismissal Notice, five of the dismissed class members

returned verified discovery responses to Plaintiffs' counsel along with letters asking that the Court reconsider its decision to dismiss them from the class; (2) seventeen of the Dismissal Notices were returned as "undeliverable"; (3) twenty-three certified mail receipts were signed by someone other than the addressee; and (4) no return receipt was received for twenty-two of the Dismissal Notices.  Id. ¶¶ 4-7.  Plaintiffs' counsel attempted to contact each of these individuals by telephone and left voicemails where possible.  Id.  Most of the phone calls were unsuccessful because the line was disconnected, the number no longer belonged to the individual in question, or the answering machine did not specify the owner's identity.  Id.

Defendant objects to the use of the information in the Ngo Declaration for any purpose other than to establish that Plaintiffs' counsel attempted to provide notice to the dismissed class members as required by the Court's March 8, 2011 Order. Def.'s Obj. at 1.  Defendant argues in pertinent part that the declaration asks the Court to reinstate the five dismissed individuals who subsequently returned discovery responses and therefore constitutes a request for reconsideration of the Court's March 8, 2011 Order in violation of Civil Local Rules 7-9(a) and 7-9(b)(1).[2]  Def.'s Obj. at 2.  Plaintiffs respond that neither they nor the dismissed individuals have invoked Rule 7-9 at all; rather the five dismissed individuals have "merely stated their preference to proceed as members of the certified class."  Pls.' Resp. at 4.

---

[2] Civil Local Rule 7-9(a) provides that only a party may request reconsideration of an interlocutory order.  Rule 7-9(b)(1) requires that motions for reconsideration be premised upon "a material change in fact or law . . . from that which was presented to the Court before the entry of the interlocutory order for which reconsideration is sought."

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Plaintiffs then proceed to argue that the Court has authority to reconsider the dismissal of the five individuals sua sponte if it so chooses.  Id.  The Court agrees with Defendant and SUSTAINS Defendant's objection.

In substance, if not in form, Plaintiffs' filings ask the Court to reconsider its March 8, 2011 Order.  Plaintiffs' counsel first invited the dismissed individuals to complete the discovery responses and implied that the Court might reconsider their dismissal.  See Dismissal Notice.  The Ngo Declaration then stated that the five dismissed individuals "request that this Court reconsider its Order to dismiss them." Ngo Decl. ¶ 4.  Lastly, Plaintiffs' Response to Defendant's Objection argues that the Court may sua sponte reconsider its prior Order with respect to at least five, and perhaps as many as forty-five, of the dismissed individuals.[3]  Taken together, Plaintiffs' actions amount to a request for reconsideration of the March 8, 2011 Order in violation of Civil Local Rule 7-9.

Because Plaintiffs' request is procedurally improper, the Court need not address its merits.  However, for the sake of judicial economy, the Court wishes to make clear that it finds reconsideration of the March 8, 2011 Order unwarranted in light of the multiple warnings provided to the individuals in question prior to their dismissal from the class.  Magistrate Judge Spero initially ordered all class members to respond to Defendant's

_____

[3] Plaintiffs state that forty of the dismissed individuals -- the seventeen individuals whose Dismissal Notice was returned as "undeliverable" and the twenty-three individuals for whom certified receipts were signed by someone other than the addressee -- "may not have received any notice at all" regarding even the possibility of dismissal.  Pls.' Resp. at 3.  Plaintiffs imply that these individuals should therefore be reinstated to the class.  Id.

discovery requests by July 16, 2010.  <u>See</u> Mar. 8, 2011 Order at 3.
In October 2010, pursuant to an Order of this Court, class members
who had not responded were sent a letter instructing them to answer
the discovery requests by October 29, 2010, and warning them that
Defendant was seeking dismissal of their claims due to their
failure to respond.  <u>Id.</u>  On November 19, 2010, this Court denied
Defendant's motion to dismiss the class members who had not
responded, ordering that class members be given "one final
opportunity to respond."  <u>Id.</u>  The Court instructed Plaintiffs'
counsel to send class members a letter explicitly warning them that
their claims would be dismissed if they did not provide discovery
responses within twenty-one days.  <u>Id.</u>  Plaintiffs' counsel sent
this final warning letter, and as the Court noted in its March 8,
2011 Order, there is no evidence to suggest that the eighty-nine
class members whose claims were dismissed did not receive it.  <u>Id.</u>
at 16.  To the contrary, under Ninth Circuit law, a presumption
exists that they did receive the warning letter.  <u>In re Bucknum</u>,
951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly
addressed, stamped, and deposited into the mail is presumed to be
received by the addressee . . . The presumption can only be
overcome by clear and convincing evidence that the mailing was not,
in fact, accomplished.").

    The fact that some of the dismissed class members may not have
subsequently received the Dismissal Notice, or accepted Plaintiffs'
counsel's invitation to return their discovery requests after
receiving the Dismissal Notice, does nothing to alter the fact that
they either did receive, or are presumed to have received, the
previous warning letters and nevertheless failed to comply with the

**United States District Court**
For the Northern District of California

1   instructions set forth therein.[4]   Reinstating any of the dismissed

2   individuals would set a precedent that class members may disobey

3   the discovery orders of this Court without consequence.

4   Accordingly, the Court declines to reconsider the dismissal of

5   their claims.

6       The Court reiterates that the individuals whose claims were

7   dismissed remain free to seek vindication of their rights through

8   individual actions against Defendant.   The Court regrets that some

9   of the individuals whose claims were dismissed may not have

10   received the Dismissal Notice but finds that Plaintiffs' counsel's

11   efforts to contact them via certified mail and telephone were a

12   sufficient attempt to provide them with the requisite notice.

13       Lastly, the Court notices both parties that future attempts to

14   seek relief from the Court by circumventing the Court's rules will

15   not be considered and may be grounds for sanctions.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   [4] Plaintiffs assert that the individuals whose Dismissal Notices
were marked "undeliverable" or whose certified receipt was signed

25   by someone other than the addressee may not have received the
discovery requests or the warning letters.  Pls.' Resp. at 3.  The

26   Court finds that the Dismissal Notices marked "undeliverable" and
the certified receipts signed by someone other than the addressee

27   fall far short of the "clear and convincing evidence" needed under
In re Bucknum to overcome the presumption that the individuals in

28   question received prior communications including the final warning
letters.

III. __CONCLUSION__

    Defendant Dollar Tree's Objection to the Ngo Declaration is SUSTAINED.  The Court will not consider the Ngo Declaration for any purpose other than to establish that Plaintiffs' counsel attempted to provide notice to the dismissed class members as required by the Court's March 8, 2011 Order.  The Court declines to reconsider any aspect of its March 8, 2011 Order.


    IT IS SO ORDERED.


    Dated:  April 27, 2011



                                    _____
                                    UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

7